**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

IN RE:                                                                                    CASE: 23-11498-MER

JORGE LUIS MIER ESCOBEDO                                            CHAPTER 13

**Debtor**

---

**TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

---

Douglas B. Kiel, Chapter 13 Trustee, hereby files his Objection to Confirmation of Chapter 13 Plan and as grounds therefor states as follows:

1. Trustee cannot determine if the plan fully provides for the priority claim of the Colorado Department of Revenue, 11 U.S.C. §§ 507(a)(8), 1322(a)(2), 1325(a)(1), and if Debtor has filed all returns required by 11 U.S.C. §§ 1308(a), 1325(a)(9). Proof of Claim No. 1 filed by the CDR indicates Debtor has not filed state income tax returns for 2019, 2020, 2021 and 2022. Debtor must file the returns and provide for the priority taxes or include the refund in the Chapter 7 Reconciliation.

2. The plan does not fully provide for the priority claim filed by Internal Revenue Service. 11 U.S.C. §§ 507(a)(8), 1322(a)(2), 1325(a)(1).

3. Trustee cannot determine if the plan fully provides for the priority claim of the Internal Revenue Service, 11 U.S.C. §§ 507(a)(8), 1322(a)(2), 1325(a)(1), and if Debtor has filed all returns required by 11 U.S.C. §§ 1308(a), 1325(a)(9). Proof of Claim No. 2 filed by the IRS indicates Debtor has not filed federal income tax returns for 2019, 2020, 2021 and 2022. Debtor must file the returns and provide for the priority taxes or include the refund in the Chapter 7 Reconciliation.

4. Trustee is unable to determine if Debtor's Petition and Plan are proposed in good faith and if Debtor is contributing all disposable income to plan payments. 11 U.S.C. §§ 1325(a)(3) and (b).

   a. Trustee requests a redacted copy of Debtors 2022 tax returns including all attachments, W-2's and 1099's.

   b. Trustee requests a copy of bank statements for all accounts owned by Debtor or on which Debtor's name appears as co-owner from June 1, 2022, through current.

   c. Schedule J (Docket No. 1) includes expenses which may be excessive and not reasonably necessary for the maintenance or support of Debtor or a dependent including $3,000 rent, $600 health insurance (unless documented), $450 vehicle insurance, and $600 car payment.

      d. Based on Debtor's testimony at the § 341 meeting of Creditors, Debtor lives with significant other. Debtor should amend Schedules I and J to accurately reflect household income and shared expenses.

      e. Based on Debtor's testimony at the § 341 meeting of Creditors, Debtor owns bicycles. These assets do not appear to be listed in the schedules. Schedule A/B should be amended and the asset should be reconciled in the plan.

      f. Based on Debtor's testimony at the § 341 meeting of Creditors, Debtor is the owner of the Mercedes-Benz listed on line 23 of Statement of Financial Affairs. This asset should be reconciled in the plan.

      5. Trustee is unable to determine if the applicable commitment period is 3 or 5 years and if the plan fully provides for the minimum distribution to Class Four claims as required by Form 122C-2. 11 U.S.C. § 1325(b)(1). Trustee requests a copy of Debtor's profit and loss statements from October 1, 2022, through March 31, 2023 along with supporting bank statements.

      6. Debtor owns or has connections to multiple businesses listed on line 27 of the Statement of Financial Affairs (Docket No. 1). Trustee requests a copy of Debtor's monthly profit and loss statements for all currently operating business connections from April 1, 2022 to current, along with supporting bank statements and balance sheets.

      The Trustee reserves the right to amend his objection and to report on the Debtor's payment history at the hearing on his Objection.

      WHEREFORE, the Chapter 13 Trustee requests that the Court deny confirmation in the above-captioned matter and dismiss or convert the proceeding pursuant to 11 U.S.C. § 1307.

Dated: May 12, 2023                      Respectfully submitted,

                                        /s/ Michael Edlen
                                        Michael Edlen, #49579
                                        Attorney For Douglas B. Kiel, Chapter 13 Trustee
                                        7100 E Belleview Ave, Suite 300
                                        Greenwood Village, Co 80111
                                        (720)398-4444
                                        medlen@denver13.com

CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the above Trustee's Objection to Confirmation of Chapter 13 Plan was placed in the U.S. Mail, postage prepaid, on May 12, 2023, addressed as follows:

JORGE LUIS MIER ESCOBEDO
8590 E UNION AVE
DENVER, CO 80237

Notice by Electronic Transmission was sent to the following persons/parties:
ROBERSON LAW LLC

/s/ Madison Mills
_____
*staff for Douglas B. Kiel, Chapter 13 Trustee*